Filed 2/7/24  P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RAFAEL LOPEZ,<br><br>    Defendant and Appellant. | F086154<br><br>(Super. Ct. No. CF84313768)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Adolfo M. Corona, Judge.

Marcia R. Clark, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Christopher J. Rench and Kelly E. LeBel, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Petitioner Rafael Lopez petitioned the superior court, pursuant to former section 1170.95 (now § 1172.6) of the Penal Code,[1] for resentencing on his conviction for second degree murder. The superior court denied the petition at the prima facie stage.

On appeal, petitioner argues the superior court erred in denying his petition at the prima facie stage. The People concede error. We reverse.

## PROCEDURAL HISTORY[2]

In an information filed June 27, 1984, petitioner was charged with murder (§ 187; count one), robbery (§ 211; count two), and kidnapping (§ 207, subd. (a); count three). As to count one, it was alleged petitioner used a deadly weapon, to wit a wooden board or stick, in the commission of the offense (§ 12022, subd. (b)). Additionally, the information alleged the murder was committed during the course of a robbery and kidnapping (§ 190.2, subd. (a)(17)).

On January 8, 1985, petitioner pled guilty to second degree murder and admitted the allegation that he had committed the offense with a wooden board or stick. The remaining counts and allegations were dismissed. Petitioner was thereafter sentenced to a term of 16 years to life.

On June 18, 2021, petitioner filed a handwritten petition for resentencing pursuant to section 1172.6. On April 13, 2022, the court denied the petition without prejudice on procedural grounds because it did not contain a declaration signed under penalty of perjury as required under section 1172.6; even if construed as a declaration, the petition

---

[1] Undesignated statutory references are to the Penal Code. Former section 1170.95 has been renumbered section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) We refer to the current section 1172.6 in this opinion.

[2] We dispense with a statement of facts inasmuch as the parties agree the record does not contain an admissible record of the underlying facts. (See § 1172.6, subd. (d)(3).)

2.

did not adequately state, nor was it shown, that petitioner was eligible for relief; and service of the petition was not made on all parties required under section 1172.6.

On April 25, 2022, petitioner filed a second petition for resentencing pursuant to section 1172.6. Petitioner left several boxes on the form petition unchecked. It does not appear the court ruled on the petition.

On July 11, 2022, petitioner filed a third petition for resentencing pursuant to section 1172.6, and again left several boxes on the form petition unchecked. On July 29, 2022, the court denied the petition without prejudice on the ground petitioner failed to check boxes necessary to establish a prima facie showing of resentencing eligibility.

On September 8, 2022, petitioner filed a fourth form petition for resentencing, on which he checked all necessary boxes. On November 7, 2022, the court filed an order noting that the original sentencing judge had retired and was unavailable, and a different judge was assigned to rule on the petition. Another part of the same order noted that petitioner had requested appointment of counsel, and a box was checked to indicate the court had appointed the Public Defender's office to represent petitioner. However, this portion of the order was not signed, and neither petitioner nor the Public Defender was provided notice of the order.

It appears no further action was taken on the petition until March 16, 2023. On that date, the court issued an order addressing what it described as petitioner's third petition for resentencing. The court determined "that the bases for this third petition [are] identical to that of the previous two petitions. The court therefore construes this third petition as a request for reconsideration of its earlier denial of the second petition." The court then stated that there was "absolutely nothing new that [p]etitioner has asserted in the third petition" and, on that basis, the petition was denied with prejudice.

On March 17, 2023, the court filed an order addressing what it described as petitioner's fourth petition. The court again determined that the "bases for this fourth petition [are] identical to that of the previous three petitions. The court therefore

3.

construes this fourth petition as a request for reconsideration of its earlier denial of the third petition even though the third petition was denied with prejudice." The court then noted there was "absolutely nothing new that [p]etitioner has asserted in the fourth petition" and, on that basis, the petition was denied with prejudice.

## DISCUSSION

### I.     Applicable Law

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437) "to amend the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, *People v. Strong* (2022) 13 Cal.5th 698, 707–708 (*Strong*).) The bill amended the natural and probable consequences doctrine by requiring that a principal act with malice aforethought before he or she may be convicted of murder. (§ 188, subd. (a)(3); accord, *People v. Gentile* (2020) 10 Cal.5th 830, 842–843 (*Gentile*).) The bill amended the felony-murder rule by providing that a participant in a qualifying felony is liable for murder only if the victim was a peace officer in the performance of his or her duties, or the defendant was the actual killer, aided and abetted the actual killer in the commission of first degree murder with the intent to kill, or was a major participant in the felony and acted with reckless indifference to human life. (§ 189, subds. (e), (f); accord, *Strong*, at p. 708.)

Senate Bill No. 1437 also added former section 1170.95, now renumbered as section 1172.6, which provides a procedure for persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime" to seek vacatur of the conviction and resentencing. (§ 1172.6, subd. (a); accord, *Gentile*, *supra*, 10 Cal.5th at p. 853.) Under section 1172.6, an offender seeking

4.

resentencing must first file a petition in the sentencing court, and the sentencing court must determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (§ 1172.6, subds. (a)–(c); accord, *Strong*, *supra*, 13 Cal.5th at p. 708.) In making this determination, the court may rely on the record of conviction. (*People v. Lewis* (2021) 11 Cal.5th 952, 970–971 (*Lewis*).) However, the prima facie inquiry is limited and, at this stage of the proceedings, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.)

If the trial court determines the petitioner has met his or her prima facie burden, "the trial court must issue an order to show cause and hold a hearing to determine whether to vacate the murder conviction and to resentence the petitioner on any remaining counts." (*Gentile*, *supra*, 10 Cal.5th at p. 853; accord, § 1172.6, subds. (c), (d)(1).) At this evidentiary hearing, "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).) Significantly, "[a] finding that there is substantial evidence to support a conviction for murder . . . is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (*Ibid*.)

To demonstrate prejudice from the denial of a section 1172.6 petition before the issuance of an order to show cause, the petitioner must show it is reasonably probable that, absent error, his or her petition would not have been summarily denied without an evidentiary hearing. (*Lewis*, *supra*, 11 Cal.5th at pp. 972–974; see *People v. Watson* (1956) 46 Cal.2d 818, 836.)

## II.     The Court Erred in Denying the Petition

Petitioner contends the court erred in denying his facially sufficient petition without appointing counsel, and also erred in failing to issue an order to show cause. The People agree. We accept the People's concession.

Petitioner filed several procedurally defective petitions for resentencing. The court provided petitioner with information on how to cure these deficiencies but, when petitioner complied with the court's instructions and submitted a facially sufficient petition, the court determined the petition was not meaningfully changed from the prior petitions and denied it with prejudice.[3] This was clear error.

Ordinarily, we would reverse the erroneous order and remand for appointment of counsel and a hearing to determine whether petitioner has made a prima facie case for relief. (§ 1172.6, subds. (b)(3), (c).) Here, however, the People concede the record does not establish that petitioner is ineligible for resentencing as a matter of law. We accept the People's concession, and we therefore will remand with directions to issue an order to show cause. (§ 1172.6, subd. (c).)

## DISPOSITION

The March 16, 2023, and March 17, 2023 orders denying petitioner's September 8, 2022 petition for resentencing are reversed, and the matter is remanded with directions to appoint counsel to represent petitioner and to issue an order to show cause.

---

[3] It is unclear which of the court's orders – that of March 16 or that of March 17, 2023 – addressed petitioner's September 8, 2022 petition. It appears likely that both orders were intended to dispose of the September 8, 2022 petition. We therefore will reverse both.